**SYLVIA M. SCOTT** (Bar No. 134360)
sms@ffslaw.com
**ROBERT J. GIRARD II** (Bar No. 216949)
rjg@ffslaw.com
**ASHLEY DAWKINS HUNT** (Bar No. 233864)
adh@ffslaw.com
**FREEMAN, FREEMAN & SMILEY, LLP**
Penthouse, Suite 1200
3415 Sepulveda Boulevard
Los Angeles, CA 90034-6060
Telephone: (310) 255-6100
Facsimile: (310) 391-4042
**Attorneys for Plaintiff, BIOLA UNIVERSITY, INC.**

FREEMAN, FREEMAN & SMILEY, LLP
PENTHOUSE, SUITE 1200
3415 SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BIOLA UNIVERSITY, INC.

Plaintiff,

v.

BANK OF AMERICA CORPORATION, BANC OF AMERICA SECURITIES, LLC, BANK OF AMERICA, N.A., BNP PARIBAS, and DOES 1 through 10, inclusive,

Defendants.

CASE NO. CV 07-4917 R(JWJx)

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

FREEMAN, FREEMAN & SMILEY, LLP
PENTHOUSE, SUITE 1200
3415 SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

Having read the parties' Stipulation re: [Proposed] Protective Order and good cause appearing therefor, the Court hereby enters said Protective Order as stipulated by the parties. To wit:

1. All originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, and all documents, materials, tangible things, and/or information which contain or comprise confidential and sensitive research, trade secret, business development, financial or commercial information (collectively "information") produced either by a party or a non-party to or for any of the parties shall be governed by this Protective Order. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

2. Any information produced by any party or non-party in this action may be designated by any party, or by the producing non-party, as "Confidential" (hereinafter referred to as "Confidential Information"). As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties. Absent a specific order by this Court, information once designated as "Confidential" shall be used by parties solely in connection with this litigation, and shall not be used for, *inter alia*, any business, competitive, or governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.

3. Any party, or producing non-party, may invoke the provisions of this Protective Order by designating the documents, information, or portions thereof which he, she or it in good faith considers confidential at the time such documents are produced or such information disclosed, or as soon thereafter as such party becomes aware of the nature of the information or material disclosed and sought to be protected hereunder. In the instance of documents, each page of each such

document produced shall be marked "Confidential" by the designating party. In the instance of depositions, counsel may, in the record of the deposition, designate the transcript or portion thereof as "Confidential." The witness under deposition or his counsel may invoke the provisions of this Protective Order by giving adequate notice that testimony about to be given is deemed "Confidential." The designations should be made on the record whenever possible, but a witness or a party may designate portions of a deposition "Confidential" by giving written notice of such designation to each party no later than (30) thirty days following receipt of the deposition transcript.

4. Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only:

a) To the parties to this lawsuit, including their employees;

b) To litigation counsel of record, including in-house counsel where applicable, or such counsel's respective members, associates, clerks and employees;

c) To court reporters, discovery referees and mediators hired in connection with this litigation;

d) To independent experts or consultants who have been retained and requested by counsel to furnish technical or expert services or to give technical or expert testimony in connection with this action, provided that such expert or consultant sign in advance an Attachment A of this Protective Order;

e) To the Court, provided that any party wishing to submit or file any Confidential Information with the Court must provide either 1) ten days advance notice or 2) notice as soon as is practicable in cases where ten days advance notice is not possible, to the other party of the intent to file such Confidential Information with

FREEMAN, FREEMAN & SMILEY, LLP
PENTHOUSE, SUITE 1200
3415 SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

the Court so as to allow the other party an opportunity to seek relief prior to such filing, if appropriate;

f) subject to release or inspection only by order of the Court or consent of the other party claiming confidentiality as to the particular material;

g) To such other persons as hereafter may be designated by written stipulation of the parties filed with the Court or by further order of the Court; and

h) To any deponent during the course of such deponent's deposition in this action, provided that all such documents shown to a deponent are not allowed to be retained or left in the possession of such deponent, but instead are returned to one of the parties at the conclusion of the deposition.

5. Notwithstanding any other provisions of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

a. At the time of disclosure hereunder, was already in the public domain by publication or otherwise or in the possession of the receiving party;

b. Since the time of disclosure hereunder, has properly become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise; or

c. After disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the designating party hereunder.

Nothing contained herein shall prevent any party from disclosing its own Confidential Information or information contained therein as it deems appropriate; provided, however, that such disclosure shall not affect in any way the obligations of persons receiving Confidential Information pursuant to this Protective Order.

FREEMAN, FREEMAN & SMILEY, LLP
PENTHOUSE, SUITE 1200
3415 SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
PENTHOUSE, SUITE 1200
3415 SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

6. All pages or portions of court papers, discovery responses, production documents or things, or deposition transcripts filed with the Court in this action which have been designated as "Confidential" by any party hereto, or any court papers containing such Confidential Information, shall be maintained in camera with the Court by filing the same with the Court in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL PURSUANT TO COURT ORDER," and a statement substantially in the following form:

> "This envelope contains Confidential Information filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed or revealed, except by order of the Court."

7. If any document or information designated to be "Confidential" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality upon request of any party pursuant to Paragraph 3, and access thereto shall be limited pursuant to the other terms of this Protective Order.

8. If, at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is unreasonably claiming certain information to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided.

FREEMAN, FREEMAN & SMILEY, LLP
PENTHOUSE, SUITE 1200
3415 SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

9. The Court shall address the treatment at trial of documents, information or testimony designated "Confidential" pursuant to this Protective Order, unless the confidentiality of such information has been removed by agreement of counsel.

10. The designation of matters as "Confidential" pursuant to this Protective Order shall not constitute any admission or concession by the non-designating party, or any finding or order by the Court, that the documents or information therein are legally protectable proprietary information, intellectual property or trade secrets.

11. The parties acknowledge that this Protective Order was entered into to facilitate the production of documents and information, and that the parties do not waive any objection which they may have presently or which they may determine they have in the future to object to the designation of any document or to object to the nature of the restrictions which this Protective Order imposes on the parties. Further, nothing herein shall prevent a party from seeking any change or modification to this Protective Order, or foreclose any party from requesting any further or additional protective orders.

12. This Protective Order shall be without prejudice to the right of any party to oppose production of any information or to object to its admissibility into evidence on any lawful ground.

13. This Protective Order shall not abrogate or diminish any party's contractual, statutory or other rights or obligation to maintain any information in confidence, if any. The fact that a given item of information is or is not Confidential Information within the meaning of this Protective Order shall not be admissible in evidence or otherwise considered by the trier of fact in determining whether said information is confidential or proprietary in any way.

14. To the extent that any confidential or protected information is hereinafter admitted or placed into evidence, the Court may issue such additional orders as may be needed to protect the confidentiality of the protected information

during or after trial. This Protective Order may not be modified or terminated, in whole or in part, except by order of this Court (i) for good cause shown, or (ii) upon written stipulation of the parties. This Protective Order shall survive and remain operative following the termination of this action. The Court shall retain jurisdiction to enforce or modify this Protective Order.

15. Nothing in this Order shall prevent disclosure as required by law or compelled by order of the Court. If a party is subpoenaed or receives other lawful process or is ordered to produce Confidential Information, notice of such shall be given immediately to the party that produced the protected information or to that party's attorneys of record in this action.

16. In the event of a violation or threatened violation of this Protective Order, the aggrieved party may immediately seek relief from the Court and/or seek an injunction from the Court, as appropriate, to prevent any party or non-party subject to the terms of this Protective Order from violating or threatening to violate any terms of this Protective Order. The parties and non-parties subject to this Protective Order understand that any disclosure of documents marked as "Confidential" in violation of this Protective Order may cause irreparable harm to the party or non-party producing the documents.

17. This Protective Order shall be binding on the parties hereto when signed regardless of whether or when the Court enters an order hereon. In like manner, this Protective Order shall be binding on all non-parties when said non-parties sign Attachment A of this Protective Order.

Within ninety (90) days after the conclusion of this action (either by settlement or final non-appealable judgment), unless otherwise agreed by the parties, all information designated as "Confidential" except that material which is attached to any pleading or motion in this action, shall at the request of the party designating the information be returned to the party or non-party who produced such materials, or to

FREEMAN, FREEMAN & SMILEY, LLP
PENTHOUSE, SUITE 1200
3415 SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
PENTHOUSE, SUITE 1200
3415 SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

their respective counsel. If no such request is received within ninety (90) days, such information shall be destroyed.

**IT IS SO ORDERED.**

Dated: APRIL 30, 2008

UNITED STATES DISTRICT JUDGE